38 F.3d 1218
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David LAWRENCE, Plaintiff-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE and United States of
America, Defendants-Appellees.
 No. 93-15384.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1994.*
Decided Oct. 18, 1994.
 
 1
 Before: FARRIS, BEEZER, Circuit Judges, and MUECKE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 The INS did not abuse its discretion in denying David Lawrence's petition for a permanent resident visa pursuant to 8 U.S.C. 1153(b)(2)(B). We affirm the district court's dismissal of Lawrence's complaint.
 
 
 4
 Lawrence is by all accounts a talented chef. The record establishes that he has been involved in a number of charitable activities in the San Francisco area. Nonetheless, the INS did not abuse its discretion in declining to waive the job offer requirement for persons of exceptional abilities. 8 U.S.C. 1153(b)(2)(B). The government agrees that Lawrence has exceptional abilities as a chef. But the INS concluded that Lawrence had not demonstrated he was entitled to an exemption from the job offer requirement pursuant to Section 1153(b)(2)(B).
 
 
 5
 The INS provided a reasonable explanation for its decision that was consistent with the criteria set forth in the agency's internal guidelines. Cf. Occidental Eng'g Co. v. INS, 753 F.2d 766, 768-69 (9th Cir.1985); 64 INS Interpreter Releases, 1025 (1987). Lawrence is a chef who works in the employ of others. He has not demonstrated an ability to create employment in the United States. While his responsibilities at the Hilton Hotel include managing an apprenticeship program for five cooks, he has not demonstrated that either the program's size or unusual quality would make a substantial contribution to the national interest. Lawrence has also developed nouvelle cuisine dishes which are low in sodium and fat. But Lawrence cannot be described as a pioneer in this field, and has not established that his cooking will have a broad impact on the community.
 
 
 6
 We acknowledge that the record reflects Lawrence's accomplishments as a chef as well as his charitable activities. However, the statute leaves no doubt that aliens who seek a waiver must meet a higher standard than those who apply for a permanent visa with an employer's sponsorship. An exceptionally talented alien with a job offer need only show that he will "prospectively" benefit the national interest. 8 U.S.C. Sec. 1153(b)(2)(A). In contrast, Congress did not include any modifying language in subsection (B), but stated that the Attorney General may waive the job offer requirement when she "deems it to be in the national interest." The structure of the statute makes it clear that Congress permits a waiver for aliens who meet a higher standard of actual, as opposed to prospective, benefit to the national interest.
 
 
 7
 Lawrence argues that as a person of exceptional ability, his admission as a permanent resident would inherently benefit the national interest. We reject the argument. Congress included the job offer requirement in subsection (A) for persons of exceptional abilities.
 
 
 8
 We also reject Lawrence's argument that it was inconsistent to 1) designate him an artist of extraordinary abilities for the purposes of granting him a temporary "O" visa pursuant to 8 U.S.C. Sec. 1101(a)(15)(O)(1), and 2) deny his petition for a permanent visa. Compare 8 U.S.C. Sec. 1101(a)(46) and 8 C.F.R. Sec. 214.2(o)(1)(ii) (temporary "O" visas) with 8 U.S.C. 1153(b)(1)(A) (permanent visas).
 
 
 9
 Lawrence disputes the INS's decision to categorize him as an artist, but the appellation fits more aptly than the remaining options: scientist, educator, businessperson, professional, and athlete.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3